

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 19, 2023

**VIA ECF**
The Honorable Vincent Briccetti
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

      Re:    *Ortiz v. Orange County, New York et al.*, 23 Civ. 2802 (VB)

Dear Judge Briccetti:

      This Office represents defendants U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and Kenneth Genalo (collectively, the "Federal Defendants") in the above-captioned action, brought against the Federal Defendants pursuant to the First Amendment and the Administrative Procedures Act ("APA"). The Federal Defendants write in response to the Court's July 14, 2023 order, directing them to provide the Court with their position on whether discovery should proceed at this time. (ECF No. 43). A stay is appropriate here because Plaintiffs have failed to adequately plead a claim against the Federal Defendants, and because there is good cause to stay discovery under Federal Rule of Civil Procedure 26(c).

    **A.  Background and The Federal Defendants' Motion to Dismiss**

      Plaintiffs are six noncitizens who were detained at Orange County Jail ("OCJ") pursuant to an Intergovernmental Services Agreement with ICE. ECF No. 1 ("Complaint" or "Compl."). Plaintiffs allege that they were subjected to retaliatory conduct by OCJ staff and officials after they complained of substandard conditions while in detention at OCJ. *See id*. They bring a claim under 42 U.S.C. § 1983 against Orange County, New York, and three current and/or former Orange County officials (the "Orange County Defendants") for violations of the First Amendment, and claims against the Federal Defendants for a violation of the First Amendment and failure to follow ICE policies with respect to the transfer of two plaintiffs to other detention facilities, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*. ("APA"). *Id*. at 40-41.

      On July 7, 2023, the Federal Defendants moved to dismiss the complaint against them, on grounds that the Court lacks jurisdiction over Plaintiffs' claims and that, in any event, Plaintiffs failed to state a plausible claim against them. ECF No. 39 ("Fed. Def. Mot."). First, as explained in the Federal Defendants' motion, the Court lacks jurisdiction to review ICE's decisions to transfer detainees to other detention facilities pursuant to the jurisdiction-stripping provision of the Immigration and Nationality Act ("INA"), at 8 U.S.C. § 1252(a)(2)(B)(ii). Fed. Def. Mot. at 8-12. Rather, Plaintiffs' constitutional and administrative challenges concerning such discretionary transfer decisions must be brought in a petition for review filed with the Second Circuit. *Id*. Second, because the INA strips jurisdiction to review such detainee transfer decisions, and those

decisions are committed to agency discretion by law, Plaintiffs' APA claim must be dismissed. *Id*. at 12.

Plaintiffs have also failed to plausibly allege that the Federal Defendants violated their First Amendment rights by retaliating against them. *See id*. at 13-20. As an initial matter, Plaintiffs' allegations are insufficient to establish that the Federal Defendants, as opposed to OCJ officials, took adverse action against them. *Id*. at 14-18. In addition, Plaintiffs fail to adequately allege any causal connection between their protected activity and any alleged adverse action taken by the Federal Defendants. *Id*. at 18-20.

Accordingly, the Federal Defendants have moved to dismiss all claims against them.

### B.  The Court Should Stay Discovery

A stay of discovery is appropriate under Rule 26(c) of the Federal Rules of Civil Procedure.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (citation omitted). "Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (brackets and quotation marks omitted); *see also Fed. Trade Comm'n v. Vyera Pharms.*, LLC, No. 20 Civ. 00706 (DLC), 2021 WL 76336, at *1 (S.D.N.Y. Jan. 8, 2021) ("A district court has discretion to stay discovery for "good cause" pursuant to Rule 26 of the Federal Rules of Civil Procedure."). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). This is particularly vital where, as here, there are "substantial arguments for dismissal." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotation marks omitted). Thus, in an action like this one, where a "potentially dispositive motion[]" is pending, which presents "substantial" grounds for dismissal; the "proposed length of the stay is limited to the time required for the Court to decide the motions"; and the plaintiff cannot show that he "would be prejudiced by a stay of discovery," a stay is appropriate. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2-3 (S.D.N.Y. June 12, 2008).

There is good cause here to stay discovery against the Federal Defendants.

First, Plaintiffs are not entitled to discovery while the Federal Defendants motion to dismiss is pending because they have failed to adequately state a claim against the Federal Defendants: their APA claim is unreviewable by this Court and their First Amendment retaliation claim does not meet pleading requirements. *See Main St. Legal Servs. v. NSC*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)). Simply put, "a plausible claim must come *before* discovery, not the other way around." *Angiulo v. County of Westchester*, No. 11 Civ. 7823, 2012 WL 5278523 (CS), at *3 n.4 (S.D.N.Y. Oct. 25, 2012) (emphasis in original); *see also*

*TechReserves Inc. v. Delta Controls, Inc.*, No. 13 Civ. 752 (GBD), 2014 WL 1325914, at *11 (S.D.N.Y. Mar. 31, 2014) ("As Plaintiff has not pleaded facts sufficient to render the conclusory allegations . . . plausible, it is not entitled to engage in discovery in order to determine whether it can state a plausible claim."); *Podany v. Robertson Step hens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y.2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim."); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 558 (2007) (costs of modern litigation "counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint") (internal citation omitted)).

Here, the Federal Defendants have presented a dispositive motion, with respect to the claims against them, with numerous substantial arguments for dismissal. As explained in greater detail in the Federal Defendants' motion, this Court lacks jurisdiction over the claims of Plaintiffs Molina and Palacios relating to ICE's purported decisions to transfer them because claims challenging decisions to transfer detainees are unreviewable by this Court pursuant to the jurisdiction-stripping provision of the INA. *See* Fed. Def. Mot. at 10 (citing *P.M. v. Joyce,* No. 22 Civ. 6321 (VEC), 2023 WL 2401458, at *5 (S.D.N.Y. Mar. 8, 2023) ("The Court does not have jurisdiction to review the Attorney General's discretionary authority to transfer detainees." (citing *Salazar v. Dubois*, No. 17 Civ. 2186 (RLE), 2017 WL 4045304, at *1 (S.D.N.Y. Sept. 11, 2017) ("A court lacks jurisdiction to review decisions of the Attorney General where the authority is derived from subchapter II of Chapter 12 of Title 8.")); *Guangzu Zheng v. Decker*, No. 14 Civ. 4663 (MHD), 2014 WL 7190993, at *15-16 (S.D.N.Y. Dec. 12, 2014) (concluding Section 1252(a)(2)(B) stripped court of jurisdiction to issue an order prohibiting ICE from transferring detainee because such action was within the agency's discretion pursuant to Section 1231(g)(1))).

Plaintiffs' only other claim against the Federal Defendants—a First Amendment retaliation claim—does not contain the requisite specific and detailed factual allegations necessary to survive a motion to dismiss. Indeed, Plaintiffs' allegations fail to plausibly allege either that ICE officials took adverse action against them or that there was a causal connection between their protected speech and their transfers. Notably, Plaintiffs fail to allege that any ICE official was involved in the decision to place detainees in the Delta-1 Unit within OCJ. As explained in the Federal Defendants' motion, at most, they have alleged that ICE Officer Flynn was aware of the transfer of Plaintiffs Lopez, Moscoso, and Ortiz to the Delta-1 Unit, but they do not allege that he—or any ICE official—had the capability to intercede and remedy the allegedly retaliatory transfer. Additionally, Plaintiffs fail to plead any causal connection between their protected speech and their transfers: they rely exclusively on the temporal proximity, but the five-month gap between their protected speech and transfers is too long to support an inference of causality.

Second and importantly, Plaintiffs will suffer no prejudice if discovery is stayed. Since Plaintiffs brought this action pursuant to the APA, any discovery that Plaintiffs obtain from the Federal Defendants in this action would be limited to the administrative record. Under the APA, review of the agency's determination is limited to the closed administrative record, and the district court's role is that of an appellate tribunal to review the agency decision based on the record that the agency presents to the court. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (holding that "the focal point for judicial review

should be the administrative record already in existence, not some new record made initially in the reviewing court"). Thus, because the district court sits not as a fact-finder, but as a reviewing court, discovery is generally not permitted. *Florida Power*, 470 U.S. at 744; *see also Henley v. FDA*, 77 F.3d 616 (2d Cir. 1996) (holding that since the question of whether an agency policy is arbitrary and capricious is purely a legal issue, fact discovery is not necessary); *see also Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (holding that "because a court's review of an agency's decision is confined to the administrative record . . . courts uniformly have held that discovery typically is not permitted").[1] The "standard discovery tools" do not apply. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012).

      To the extent the Court allows discovery against the Orange County Defendants to proceed, Plaintiffs can propound written discovery and take depositions of the Orange County Defendants while the Federal Defendants' motion to dismiss is pending. And if the Court were to deny the Federal Defendants' motion, the Federal Defendants could compile the administrative record, in relatively short order, for production to Plaintiffs. Plaintiffs, therefore, will not be prejudiced because they can pursue any discovery they are entitled to with respect to the Orange County Defendants now, and will receive any discovery they would be entitled to from the Federal Defendants, if the motion to dismiss is denied.

      For the reasons set forth above, the Federal Defendants respectfully request that the Court stay discovery while their motion to dismiss is pending.

* * *

---

[1] That Plaintiffs also allege a claim under the First Amendment is of no moment: discovery is still limited to the administrative record. *See, e.g., Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014) (to "allow fresh discovery, submission of new evidence and legal arguments" merely because a plaintiff asserted constitutional violations alongside APA claims, would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations" in order to "trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure"); *Harvard Pilgrim Health Care v. Thompson*, 318 F. Supp. 2d 1, 7-11 (D.R.I. 2004) (denying discovery on constitutional claims and stating "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on ... constitutional deficiencies was entitled to broad-ranging discovery").

4

We thank the Court for its consideration of this submission.

                                                  Respectfully,

                                                  DAMIAN WILLIAMS
                                                  United States Attorney for the
                                                  Southern District of New York

By:    */s/ Tara Schwartz*
       DAVID E. FARBER
       TARA SCHWARTZ
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Office: (212) 637-2772/2633
       Email: david.farber@usdoj.gov
                 tara.schwartz@usdoj.gov

*Counsel for the Federal Defendants*

cc: All counsel of record (via ECF)