

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 8, 2024

**By ECF**
The Honorable Vincent Briccetti
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

   Re: *Ortiz, et al. v. Orange County, New York et al.*, No. 23 Civ. 2802 (VB)

Dear Judge Briccetti:

   This Office represents defendants U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and Kenneth Genalo (collectively, the "Federal Defendants") in the above-captioned action, brought against the Federal Defendants and alleging violations of plaintiff Denny Molina Cantor's ("Molina's") First Amendment rights. We write to respectfully request leave to file the below-referenced documents with redactions in support of the Federal Defendants' contemporaneously-filed motion to dismiss, in accordance with Section 3.B of the Court's Individual Rules. The Federal Defendants have conferred with Plaintiffs' counsel who agree with this request.

   In support of its motion, the Federal Defendants seek to file the declaration of Joseph T. Pujol ("Pujol Declaration"), and a letter dated December 12, 2023, attached as Exhibit B thereto, with redactions over information concerning Molina's criminal history for which he was charged but not convicted. Copies of the unredacted documents are filed with this request under seal, with the proposed redactions highlighted.

   While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). To determine whether a document should be permitted to be filed with redactions or under seal, the court engages in a three part test: (1) it determines whether the filing should be "classified as a judicial document,"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of the presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022) (cleaned up).

   While the Federal Defendants do not contest that the Pujol Declaration and accompanying exhibit are judicial documents, as they are submitted "as supporting material in connection with a motion" that the Court must decide, *Lugosch*, 435 F.3d at 123, the other two factors weigh in favor of permitting the Federal Defendants to file these documents with redactions.

First, the weight of the presumption of access to the proposed redacted information is likely relatively low here because the details of such information are not integral to the Court's adjudication of the motion to dismiss. The Second Circuit has held that "[m]oving down the continuum, away from 'matters that directly affect an adjudication' and towards 'matters that come within a court's purview solely to insure their irrelevance,'" the weight of the presumption "is low and amounts to little more than a prediction of public access absent a countervailing reason." *Lugosch*, 435 F.3d at 121. The Federal Defendants have argued that Molina lacks standing because his purported ongoing injury—his continued detention allegedly in contravention of ICE policy— is now moot. The proposed redacted information only applies to the Federal Defendants' alternative argument that Molina's continued detention was justified because he was determined to pose a "danger to the community," and thus, ICE's policy favoring release did not apply to him. Because the Court need not reach this alternative argument to decide the Federal Defendants' motion to dismiss the presumption of access to these documents may be relatively low.

Second, the countervailing interests against the presumption of disclosure also weigh in favor of the proposed redactions because Molina's criminal history—specifically, information concerning offenses for which Molina was charged, but not convicted—should be afforded protection from disclosure. *See, e.g., Douglas v. City of Peekskill,* No. 21 Civ. 10644 (KMK)(VR), 2024 WL 3597036, at *2 (S.D.N.Y. July 30, 2024) (sealing of individual's criminal history record "preserves higher values"). Courts in this Circuit have thus determined that "privacy interests in the contents of these documents outweigh the presumption of public access because the documents purport to describe criminal conduct for which the plaintiffs were not convicted." *Monahan v. City of New York*, No. 20 Civ. 2610 (PKC), 2022 WL 993571, at *2 (S.D.N.Y. Mar. 30, 2022). In these situations, the potential misuse of such information is a strong countervailing interest that outweighs the presumption of access.

In addition, the requested redactions have been applied only to information concerning charges for which Molina was not ultimately convicted. Thus, the redactions represent the most narrowly tailored means to preserve Molina's privacy interests.

\* \* \*

We thank the Court for its consideration of this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     */s/ David Farber*
        DAVID E. FARBER
        TARA SCHWARTZ
        Assistant United States Attorneys
        86 Chambers Street, Third Floor
        New York, New York 10007
        Office: (212) 637-2772/2633
        Email: david.farber@usdoj.gov
               tara.schwartz@usdoj.gov

        *Counsel for the Federal Defendants*

cc: All counsel of record (via ECF)