UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/2024
```

NAHUM GILBERTO ORTIZ; DENNY MOLINA CANTOR; LUCAS PALACIOS ALVARADO; JEREMIAS LOPEZ LOPEZ; ELMER MOSCOSO GUERRA; and LUIS GONZALEZ CARBAJAL,

       Plaintiffs,

v.

ORANGE COUNTY, NEW YORK; PAUL ARTETA, Sheriff of Orange County, in his official and individual capacity; CARL DUBOIS, former Sheriff of Orange County, in his individual capacity; KENNETH JONES, former Undersheriff of Orange County, in his individual capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and KENNETH GENALO, Acting ICE Field Office Director, in his official capacity,

       Defendants.

23 Civ. 2802 (VB)

[PROPOSED]
**PRIVACY ACT ORDER AND PROTECTIVE ORDER**

WHEREAS, Plaintiffs Nahum Gilberto Ortiz, Denny Molina Cantor ("Molina"), Lucas Palacios Alvarado, Jeremias Lopez Lopez, Elmer Moscos Guerra, and Luis Gonzalez Carbajal (collectively, "Plaintiffs") brought this action against the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and Kenneth Genalo (collectively, the "Federal Defendants"), and Orange County, New York, Paul Arteta, Carl Dubois, and Kenneth Jones (collectively, the "Orange County Defendants") (collectively, Plaintiffs, the Federal Defendants, and the Orange County Defendants, are referred to as the "Parties" and individually a "Party");

WHEREAS, Plaintiffs filed their Amended Complaint in this action on June 11, 2024, see ECF No. 81;

WHEREAS, the Amended Complaint includes a claim brought by Plaintiff Molina against the Federal Defendants alleging a violation of the First Amendment, *id.* ¶ 152;

WHEREAS, Plaintiff Molina and the Federal Defendants have stipulated that the Federal Defendants will compile a limited administrative record that will provide the basis for a decision on Plaintiff Molina's claim, *see* Stipulation and Order, ECF No. 89;

WHEREAS, certain materials in the administrative record to be compiled by the Federal Defendants in connection with the allegations in the Amended Complaint contain information concerning various individuals which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

WHEREAS, certain materials in the administrative record to be compiled by the Federal Defendants in connection with the allegations in the Amended Complaint contain information pertaining to an application for asylum, withholding of removal, protection under regulations issued pursuant to the Convention Against Torture's implementing regulations, credible fear determinations, or reasonable fear determinations, which may be protected from disclosure by 8 C.F.R. §§ 208.6, 1208.6 and 8 U.S.C. § 1367(b);

WHEREAS, on August 22, 2024, Plaintiff Molina signed ICE Form 60-001 – Privacy Waiver Authorizing Disclosure to a Third Party, consenting to the disclosure of information protected from disclosure by 8 C.F.R. §§ 208.6, 1208.6 and 8 U.S.C. § 1367(b), to the Parties in this litigation;

WHEREAS, Plaintiffs and Orange County Defendants have begun conducting discovery and anticipate that certain materials and information exchanged will concern sensitive personal and governmental information, some of which may be protected from disclosure under state or federal law;

WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the Parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, 8 C.F.R. §§ 208.6, 1208.6, and 8 U.S.C. § 1367(b), and assuring the confidentiality of information that may be disclosed by the Parties or by any non-party agencies, departments, or offices of the United States in the course of the proceedings in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms,

The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1. Pursuant to 5 U.S.C. § 552a(b)(11), 8 C.F.R. §§ 208.6(a), 1208.6(a), and 8 U.S.C. § 1367(b)(3), this Order authorizes the Federal Defendants to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure, or that would otherwise be prohibited from disclosure under 8 C.F.R. §§ 208.6, 1208.6 and 8 U.S.C. § 1367(b). To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. To the extent that information concerning Plaintiffs in this case may be protected from dissemination under 34 U.S.C. § 40316, 28 U.S.C. § 534, or Title 28 of the Code of Federal

Regulations, Part 20, or other applicable law, this Order authorizes the Orange County Defendants and Federal Defendants to produce information that otherwise would be prohibited from dissemination under 34 U.S.C. § 40316, 28 U.S.C. § 534, or Title 28 of the Code of Federal Regulations, Part 20, or other applicable law. To the extent that applicable law allows the disclosure of such information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

3. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar non-public information, including but not limited to privileged law enforcement information, and information protected from disclosure by the Privacy Act, 8 C.F.R. §§ 208.6, 1208.6, and 8 U.S.C. § 1367.

4. Information that the Parties deem Protected Information shall be designated as such by stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

5. Any Party who contests the designation of a document or record as Protected Information shall provide the producing Party written notice of its challenge. Counsel for the Parties shall make a good faith effort to resolve the dispute. If the Parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the Individual Practices in Civil Cases of the Court, and/or

any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

6. Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

7. Any document or record designated as Protected Information may be disclosed only to the following Qualified Persons:

   i. The Federal Defendants, attorneys for the Federal Defendants, and any support staff or other employees of the Federal Defendants or attorneys of record for the Federal Defendants who are assisting in the defense of this action;

   ii. The Orange County Defendants, attorneys for the Orange County Defendants, and any support staff or other employees of the Orange County Defendants or attorneys of record for the Orange County Defendants who are assisting in the defense of this action;

   iii. Plaintiffs, attorneys for Plaintiffs, and any support staff or other employees of Plaintiffs or attorneys of record for Plaintiffs who are assisting in the maintenance of this action;

   iv. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   v. Experts or consultants retained for this action by a Party or by counsel to a Party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action, provided such person has first executed a Non-Disclosure Agreement in

the form annexed as an Exhibit hereto;

      vi.    Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

      vii.    Interpreters and their employees who are assisting in the translation of documents or information for discovery or trial, including appeal, in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      viii.    this Court, including any appellate court, its support personnel, and court reporters; and

      ix.    Such other persons as hereafter may be authorized by the Court upon motion of any Party.

8.    A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the Party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made. Before disclosing any Protected Information to any person referred to in subparagraphs 7(iv), 7(v), or 7(vii) above, counsel for the Party making the disclosure must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that such person has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and produce it to counsel for the other Parties either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.    The Parties shall meet and confer if any production or disclosure of information requires a designation of "For Attorneys' or Experts' Eyes Only."

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, alien registration numbers, and information that may be used for identity theft) produced or exchanged in discovery shall be maintained by the receiving Party in a manner that is secure.

11. All Qualified Persons, including the Parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any person or party outside the Qualified Persons list, except as provided in this Order.

12. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of Qualified Persons authorized to review the Protected Information. Protected Information disclosed at a deposition taken in this litigation may be designated by any Party by indicating on the record at the deposition that the testimony contains Protected Information subject to the protections of this Protective Order. Additionally, any Party may designate information disclosed at a deposition as Protected Information by notifying all Parties in writing (no later than 30 days after receipt of the transcript and any referenced exhibits) of the specific pages and lines of the transcript that should be treated as such. The Party taking a deposition shall provide a copy of the entire deposition transcript and any referenced exhibits to all other Parties, and the entire deposition transcript and any referenced exhibits shall be treated as Protected Information for a period of thirty (30) days after the Party taking the deposition provides such copies to the other Parties.

13. If any Party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that Party shall provide the producing Party (i.e., the Party who produced the Protected Information)

no less than five business days' advance written notice of its intent to file such material. The producing Party may then make an application to the Court requesting that the material be filed and kept under seal. All requests to file material under seal shall follow the requirements of the federal rules, the Court's Local Rules, and the Court's Individual Practices. The Parties will use their best efforts to minimize the need to file documents under seal.

14. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate judge, or employee of the Court for purposes of this action.

15. Nothing contained in this Order shall be construed to prejudice any Party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing Party so that the producing Party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

16. If counsel for any Party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing Party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing Party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their

agreement to comply with this Order by signing a copy of the Non-Disclosure Agreement in the form annexed as an Exhibit hereto. A copy of each such signed Non-Disclosure Agreement must be provided promptly after its execution to counsel of record for the producing Party.

17. Within 60 days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the Parties, shall be returned to the producing Parties or destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected under the provisions of this Protective Order. If the Protected Information is destroyed, the Party that has destroyed the Protected Information shall certify in writing to the producing Party that the Protected Information in its possession has been destroyed.

18. If a producing Party inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing Party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing Party that such materials have been returned or destroyed.

19. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or included in an administrative record, and does not constitute any ruling on any potential objection to the

discoverability, relevance, admissibility, or inclusion in an administrative record, of any document or information.

20. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any Party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

21. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing in this Order shall affect the right of any Party to seek additional protection against the disclosure of any documents or materials, or of the Parties to seek additional disclosures.

22. Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

23. Nothing in this Order shall prevent any disclosure of Protected Information by the Party or entity that designated the information as such.

24. Counsel for the Federal Defendants will file this proposed Privacy Act Order and Protective Order via ECF on behalf of all Parties. Pursuant to Section 8.5(b) of the Electronic Case Filing Rules & Instructions of the U.S. District Court, Southern District of New York,

counsel for all Parties consent to the electronic filing of this proposed order by counsel for the Federal Defendants.

25.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Information is produced or disclosed.

26.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

Dated: August 23, 2024
       New York, New York

DAMIAN WILLIAMS
United States Attorney
*Counsel for the Federal Defendants*

By: _____
DAVID E. FARBER
TARA SCHWARTZ
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2772 /
E-mail: david.farber@usdoj.gov


Dated: August 23, 2024
       Carle Place, New York

SOKOLOFF STERN LLP
*Counsel for the Orange County Defendants*

By: _____
LEO DORFMAN
BRIAN SOKOLOFF
MARISSA EMBOLA
179 Westbury Avenue
Carle Place, New York 11514
Tel. (516) 334-4500


**SO ORDERED:**

_____
HON. VINCENT L. BRICCETTI
United States District Judge

Dated: <u>August 23, 2024</u>

Dated: August _23_, 2024
       New York, New York

*Counsel for Plaintiffs*

By: _____
GUADALUPE AGUIRRE
KATHRYN SACHS
ANTONY GEMMELL
AMY BELSHER
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, New York 10004
Tel: (212) 607-3300
laguirre@nyclu.org

NIJI JAIN
The Bronx Defenders
360 E. 161st Street
Bronx, N.Y. 10461
Tel: (718) 838-7979
njain@bronxdefenders.org

SAMAH SISAY
ASTHA SHARMA POKHAREL
BAHER AZMY
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, N.Y. 10012
Tel: 212-614-6484
asharmapokharel@ccrjustice.org

CJ SANDLEY
Center for Constitutional Rights
P.O. Box 486
Birmingham, AL 35201
Tel: (212) 614-6443
csandley@ccrjustice.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

NAHUM GILBERTO ORTIZ, *et al.*,

        Plaintiffs,

v.

ORANGE COUNTY, NEW YORK, *et al.*,

        Defendants.

23 Civ. 2802 (VB)

## NON-DISCLOSURE AGREEMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Ortiz, et al. v. Orange County, et al.*, No. 23 Civ. 2802 (VB), and I agree to be bound by its terms. I agree that I will not disclose Protected Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Protected Information to the Party or attorney from whom I received it. By acknowledging these obligations under the Privacy Act Order and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Privacy Act Order and Protective Order could subject me to punishment for contempt of Court.

Date: _____

Name (printed): _____

Signature: _____