

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

MARISSA EMBOLA
MEMBOLA@SOKOLOFFSTERN.COM

July 23, 2025

**By ECF**
Hon. Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

              Re:    *Ortiz et al. v. Orange County,*
                     23-CV-2802 (VLB)(VR)

Your Honor:

      This firm represents the Orange County Defendants. Pursuant to Local Civil Rule 37.2 and Your Honor's individual rules, we respectfully request a pre-motion discovery conference for a motion to compel production of HIPAA authorizations for Plaintiffs' pharmaceutical records. Plaintiffs put their medical and mental health at issue, so they must provide HIPAA authorizations for pharmaceutical records. The parties discussed and attempted to resolve this dispute during telephonic meet-and-confers on January 30, 2025, March 11, 2025, and May 28, 2025. Plaintiffs still refuse to produce the necessary authorizations, so we ask the Court for assistance.

      Defendants are entitled to damages discovery, including authorizations for pharmaceutical records. *Bowen v. FedEx Corp.,* No. 05–CV–7487, 2007 WL 646293, at *3 (S.D.N.Y. Feb. 28, 2007) ("In any lawsuit where the plaintiff is alleging physical and emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a HIPPA-compliant authorization for the release of his complete medical, pharmacy, psychiatric or psychological treatment or counseling records."). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Ft. Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. Dec. 16, 2013); *Hegazy v. Halal Guys, Inc.*, No. 22 CIV. 1880 (JHR), 2023 WL 4405804, at *2 (S.D.N.Y. July 7, 2023).

      Plaintiffs have put their physical and mental/emotional health at issue by alleging preexisting conditions (*see* First Amended Complaint, ¶¶ 25, 35, 37, 39, 41, 95) and claiming physical, mental or emotional injury. Therefore, they must provide HIPAA authorizations for their healthcare providers and pharmacies so Defendants can investigate their claims. *See, e.g.*, *Wilson v. Calderon*, No. 14CIV6209GBDGWG, 2015 WL 13888961, at *6 (S.D.N.Y. May 18, 2015);

SOKOLOFF STERN LLP

Honorable Victoria Reznik
July 23, 2025
Page 2 of 3

*Hockenjos v. City of New York*, No. CV-13-27 WFK, 2014 WL 3530895, at *4 (E.D.N.Y. May 30, 2014), *report and recommendation adopted*, No. 13-CV-27, 2014 WL 3519186 (E.D.N.Y. July 15, 2014). Failure to provide HIPAA authorizations is grounds to dismiss the complaint. *See, e.g., Workneh v. Super Shuttle Int'l, Inc.*, No. 15CIV03521ERRWL, 2020 WL 3492000, at *8 (S.D.N.Y. June 8, 2020) (collecting cases), *report and recommendation adopted*, No. 15CIV3521ERRWL, 2020 WL 3489483 (S.D.N.Y. June 26, 2020).

On September 16, 2024, Defendants served each Plaintiff with RFP No. 5 requesting HIPAA-compliant authorizations for Plaintiff's pharmaceutical records from 2015 to present. Each Plaintiff objected and refused to produce HIPAA authorizations for their pharmaceutical records citing boilerplate and baseless objections, claiming overbreadth, burden, and that this is highly sensitive personal information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

On January 23, 2025, Defendants sent Plaintiffs a deficiency letter challenging Plaintiffs' failure to provide HIPAA authorizations, including authorizations for pharmaceutical records. Over the following months, Plaintiffs withdrew their objections to production of HIPAA authorizations for some medical records. But Plaintiffs still refuse to produce authorizations for their pharmaceutical records, arguing that records received from Plaintiffs' medical and mental health providers would include any pharmaceutical records. This new argument is also baseless.

Like provider records, pharmaceutical records are relevant to Plaintiffs' damages claims and Defendants' defense. Among other things, Plaintiffs' pharmaceutical records may reveal: prescribing providers for whom Plaintiffs have not provided HIPAA authorizations; relevant pre-existing conditions; the beginning or cessation of relevant conditions; and whether Plaintiffs actually obtained and took the medication that was prescribed. The records may also include information like the administration schedule for a specific drug, adverse reactions that may have contributed to Plaintiffs' symptoms while detained at Orange County, and other information that is relevant to Plaintiffs' mental and emotional state prior to, during, and after detention that may not be present in other medical documents. In addition, Plaintiff Gonzalez claims economic damages for medical treatment for physical injuries he allegedly sustained due to Defendants' conduct. Gonzalez's pharmaceutical records may provide insight into his economic damages claim by showing the price of dispensed medications. To properly assess Plaintiffs' damages, Defendants must have their pharmaceutical records.

Plaintiffs cannot justify their refusal to provide these. Once a party has proven relevance, "it is up to the responding party to justify curtailing discovery." *Ft. Worth Employees' Ret. Fund*, 297 F.R.D. at 102; *Go New York Tours, Inc.*, 2023 WL 9111158 at *1. Plaintiffs' mere guess that

SOKOLOFF STERN LLP

Honorable Victoria Reznik
July 23, 2025
Page 3 of 3

their pharmaceutical records would be duplicative of their medical records hardly justifies curtailing relevant discovery. *Hegazy*, 2023 WL 4405804, at *4 ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."); *cf. Bierce v. Schepperly*, No. 20-CV-320 (AEK), 2022 WL 2827678 (S.D.N.Y. July 20, 2022) (ordering production of authorizations for plaintiff's employment records to assess the scope of plaintiff's potential damages claim, where plaintiff's tax returns were also required to be produced). Providing HIPAA authorizations for Plaintiffs' pharmacies is no more burdensome than providing HIPAA authorizations for Plaintiffs' medical and mental health providers, which Plaintiffs already agreed to provide. And some Plaintiffs have already produced HIPAA authorizations for medical providers going back to 2015, undermining counsel's overbreadth argument.

As Plaintiffs have put their physical, mental, and emotional health at issue, Plaintiffs' pharmaceutical records, and the information contained therein, are highly relevant and should be produced.

Thank you for your consideration.

Respectfully submitted,

SOKOLOFF STERN LLP

LEO DORFMAN
MARISSA EMBOLA

cc: All counsel of record via ECF