UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NAHUM GILBERTO ORTIZ, DENNY :
MOLINA CANTOR, LUCAS PALACIOS :
ALVARADO, JEREMIAS LOPEZ LOPEZ, :
ELMER MOSCOSO GUERRA, and LUIS :
GONZALEZ CARBAJAL, :
                     Plaintiffs, :
v. : **ORDER**
 :
 : 23 CV 2802 (VB)
ORANGE COUNTY, NEW YORK; PAUL :
ARTETA, Sheriff of Orange County; CARL :
DUBOIS, Former Sheriff of Orange County; :
and KENNETH JONES, Former Undersheriff :
of Orange County, :
                     Defendant. :
------------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs Nahum Gilberto Ortiz, Denny Molina Cantor, Lucas Palacios Alvarado, Jeremias Lopez Lopez, Elmer Moscoso Guerra, and Luis Gonzalez Carbajal, all individuals who are or were civil immigration detainees at the Orange County Jail in Goshen, New York, bring this Section 1983 action against defendants Orange County, New York; Paul Arteta, Sheriff of Orange County; Carl Dubois, former Sheriff of Orange County; and Kenneth Jones, former Undersheriff of Orange County.  Plaintiffs bring First Amendment claims, principally alleging defendants retaliated against them for complaining about poor conditions in immigration detention facilities.

      Now pending is defendants' motion to dismiss Nahum Gilberto Ortiz's claim, with prejudice, pursuant to Federal Rule of Civil Procedure 25(a)(1).  (Docs. ##177, 178).

      For the reasons set forth below, defendants' motion is GRANTED IN PART and DENIED IN PART.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

1

**BACKGROUND**

On February 27, 2025, defense counsel notified the Court that the lead plaintiff in this case, Mr. Ortiz, had died. (Doc. #120). On May 14, 2025, plaintiffs' counsel moved for an extension of the deadline to substitute a party. (Doc. #127). The Court granted the motion and extended the deadline to August 26, 2025. (Doc. #129).

Plaintiffs' counsel failed to move for substitution by the new deadline. Therefore, on August 27, 2025, the Court directed plaintiffs' counsel to either comply with the Court's prior Order or request an extension. (Doc. #167). The next day, plaintiffs' counsel notified the Court that, despite "work[ing] diligently to identify and communicate" with Mr. Ortiz's statutory successors, and "after many conversations with these successors, plaintiffs' counsel cannot file a motion for substitution." (Doc. #168). In addition, plaintiffs' counsel informed the Court of defense counsel's intention to file a motion to dismiss Mr. Ortiz's claim. (Id.). Accordingly, on September 2, 2025, the Court ordered defense counsel to file the motion by September 30, 2025. (Doc. #169). Defense counsel timely filed the instant motion, which is unopposed. (Docs. ##177, 178).

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 25(a)(1), if a motion for substitution of a party "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." In a multi-party action, "[a]fter a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties." Fed. R. Civ. P. 25(a)(2).

The text of "Rule 25(a)(1) does not specify whether such a dismissal is with or without prejudice." Antipova v. CareMount Medical P.C., 2024 WL 3678188, at *3 (S.D.N.Y. Jul. 19,

2024) (report and recommendation adopted, 2024 WL 3677348 (S.D.N.Y. Aug. 6, 2024)).[1]

Indeed, "Rule 25 gives courts flexibility to tailor the type of dismissal to the facts of the case." Steward v. City of New York, 2009 WL 10706642, at *3 (E.D.N.Y. Mar. 18, 2009) (report and recommendation adopted, 2009 WL 10706643 (E.D.N.Y. Sept. 11, 2009)).

## DISCUSSION

It has now been eight months since defense counsel informed the Court of Mr. Ortiz's death (Doc. #120), and two months since plaintiffs' deadline to move to substitute Mr. Ortiz expired (Doc. #129). Despite plaintiffs' counsel's diligent efforts to identify and communicate with Mr. Ortiz's statutory successors, it appears those individuals do not wish to continue Mr. Ortiz's claim and no other motion for substitution has yet been made on the record. (Doc. #168). Therefore, Mr. Ortiz's claim against the defendants must be dismissed.

However, the Court declines to dismiss Mr. Ortiz's claim with prejudice. Although courts may, as defense counsel contends, "dismiss claims under Rule 25(a)(1) with prejudice," Rule 25 does not prescribe the manner of dismissal. (Doc. #178 at 2). Indeed, courts also dismiss claims pursuant to Rule 25(a)(1) without prejudice. See e.g., Ayuso v. Sawyer, 2023 WL 8237054, at *1 (S.D.N.Y. Nov. 28, 2023). For example, "courts typically dismiss without prejudice where either the existence or the intention of plaintiff's potential successor(s) is uncertain." Alexis v. Village of Hempstead Police Dept., 2025 WL 2625039, at *2 (E.D.N.Y. Sept. 11, 2025) (quoting Antipova v. CareMount Medical P.C., 2024 WL 3678188, at *4); Miller v. DCM, Inc., 2007 WL 95909, at *1 (S.D.N.Y. Mar. 15, 2007).

On this record, the intention of plaintiff's potential successors is uncertain. Moreover,

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Mr. Ortiz's counsel and potential successors have not engaged in conduct meriting the harsh remedy of dismissal with prejudice.  In addition, the Court does not agree defendants would be "substantially prejudiced" if Mr. Ortiz's claim is dismissed without prejudice.  (Doc. #178 at 3).  The risk to defendants here is minimal.  "A would-be substitute plaintiff must . . . re-file the action before the statute of limitations has run."  Steward v. City of New York, 2009 WL 10706642, at *3.  In New York, the statute of limitations for Section 1983 claims is three years.  Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); see also Owens v. Okure, 488 U.S. 235, 149–51 (1989).  Here, most of the underlying conduct took place in 2022, and Mr. Ortiz was released from detention on March 8, 2023.  (Doc. #81 at ¶ 12).

Because Rule 25 affords the Court the flexibility to determine the type of dismissal best suited to the case, the Court declines to dismiss Mr. Ortiz's claim with prejudice.  Steward v. City of New York, 2009 WL 10706642, at *3.

## CONCLUSION

Defendants' motion is GRANTED IN PART and DENIED IN PART.  Mr. Ortiz's claim against defendants is hereby dismissed without prejudice.

The Clerk is instructed to terminate the motion (Doc. #177) and terminate Nahum Gilberto Ortiz as a plaintiff in this case.

Dated: October 29, 2025
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge