NYCLU
ACLU of New York

New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
(212) 607-3300
www.nyclu.org

September 29, 2026

MEMO ENDORSED

**Via ECF**

Honorable Victoria Reznik
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Ortiz, et al., v. Orange Cty., et al.*, No. 23-cv-2802 (VLB) (VR) – Plaintiffs' L.R. 37.2 Request for Discovery Conference

Dear Judge Reznik,

Plaintiffs Denny Molina Cantor, Lucas Palacios Alvarado, Jeremias Lopez Lopez, Elmer Moscoso Guerra, and Luis Gonzalez Carbajal ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this letter-motion requesting a L.R. 37.2 pre-motion discovery conference. Plaintiffs certify compliance with Fed. R. Civ. P. 37(a)(1), L.R. 37.2, and this Court's Individual Practice Standard 2(A). This letter-motion concerns Defendants Orange County, Paul Arteta, Carl DuBois, and Kenneth Jones's ("County Defendants") failure to produce responsive documents to Plaintiffs' Request for Production No. 32.

On April 4, 2023, Plaintiffs filed this suit, alleging that the County Defendants subjected them to unlawful retaliation for calling attention to the inhumane conditions inside the Orange County Jail ("OCJ"). *See generally* ECF 1; ECF 81. Plaintiffs alleged that, while in custody at OCJ, Plaintiffs were subjected to racist abuse—including racial epithets and threats of physical violence—by OCJ correctional officers. ECF 81 ¶¶ 3-4, 33, 43-45, 49, 52, 55-59, 61-62, 69, 74, 83-84, 96. Plaintiffs tried to draw attention to this abuse by engaging in protected speech. They filed grievances, spoke to reporters and legislative officials, and filed complaints with third-party investigative agencies. *Id.* ¶¶ 5-9, 47-52, 53-67, 69, 74. In response, officers further targeted them with physical violence, psychological harm, denial of resources, sham disciplinary proceedings, and extended stays in segregated confinement. *Id.* ¶¶ 6-9, 32, 47-52, 55-67, 75-93. Plaintiffs allege that Officer Richard Bloise was among the officers who engaged in this discriminatory misconduct and retaliated against them for their protected speech. *Id.* ¶¶ 44-45, 49, 57, 59-60. Plaintiffs alleged that the County Defendants took no action in response to their complaints. *Id.* ¶¶ 47-52. Troublingly, the County Defendants were aware of Bloise's racism long before the Plaintiffs complained of it, including Bloise's publicly reported connection to an email account with the handle "nazikommando" while he was employed at OCJ. *Id.* ¶¶ 45, 49,

57, 59. The County Defendants investigated Bloise's connection to the e-mail account but nonetheless allowed him to continue working in units where immigration detainees were housed at OCJ. *See id.* The County Defendants have denied Plaintiffs' allegations that Bloise directed racist statements or conduct towards Plaintiffs or other detainees, that County Defendants' investigation into Bloise's racism was cursory at best, and that County Defendants tolerated officers' racist behavior towards detainees. ECF 40 ¶ 44-45, 49, 57, 59-60.

On March 19 and May 7, 2026, Plaintiffs deposed Officer Bloise. When questioned about the "nazikommando" email address, he testified that he could not recall whether an OCJ official had ever questioned him about his connection with that email address, and even could "not recall" whether he had ever had access to an email address that included the phrase "nazikommando[.]" Ex. 1 at 156:16-159:5. Bloise's remarkable lack of recollection on these points bears directly on the adequacy of the County Defendants' investigation; and whether and to what extent they tolerated the racist behavior by him and other guards against Plaintiffs. Plaintiffs allege that they complained about this racist behavior and—due to County Defendants' failure to address it—were subsequently subjected to more of that behavior in retaliation for having complained about that behavior to OCJ officials.

In response to this testimony, on April 24, 2026, Plaintiffs served Request for Production No. 32, seeking documents "concerning an investigation, formal or informal . . . into an alleged connection between an email or social media handle containing in whole or in part 'nazikommando' and Officer Richard Bloise . . . ." Ex. 2 at 6.[1] This request seeks information about the adequacy of the County Defendants' investigation into Bloise's use of a white supremacist moniker and any discipline the County Defendants may or may not have taken in response. Accordingly, it goes directly to a central issue in this case—the failure to train, supervise, and discipline officers alleged to have racist associations—and thus Defendants' liability for not protecting Plaintiffs from retaliation for engaging in protected speech about said abuse. The request is targeted to a specific investigation and was served well before the end of discovery. On May 26, 2026, the County Defendants responded that they would refuse to produce any documents responsive to RFP 32. Ex. 3 at 3-4. On June 5, 2026, Plaintiffs served a deficiency letter and requested a meet-and-confer. Ex. 4. On June 16, 2026, the parties met and conferred in good faith, attempted to narrow the issues, but were unable to resolve this dispute.

Plaintiffs seek a pre-motion discovery conference to resolve this matter. Plaintiffs allege that they suffered prolonged, racist abuse at the hands of OCJ officers, including Bloise, and that the County Defendants were on notice of racism within its ranks, going so far as to investigate Bloise for ties to an email account with obvious white supremacist connotations. *See* ECF 81 ¶ 45. Despite that awareness, and despite investigating Bloise's ties, the County Defendants allowed him to continue working within OCJ, subjecting Plaintiffs to violence and racist abuse that they complained about through both formal and informal channels. *Id.* ¶¶ 45, 47-52, 57, 59. Those complaints constitute protected speech and Plaintiffs allege that they were swiftly retaliated against with more racist abuse, violence, and punitive segregation, among other adverse actions. *Id.* ¶¶ 47-52, 55-67, 75-93. Although Bloise could not recall at his deposition whether he had been investigated, two depositions of senior officials at OCJ have since

---

[1] Plaintiffs have since withdrawn Requests for Production Nos. 31, 33, which were likewise included in the April 24, 2026 request and the subject of the foregoing negotiations.

confirmed both the existence of this investigation and its conclusion that he was in fact tied to this account. Ex. 5 at 248:20-249:16; Mele Dep. 121:2-122:11.[2] These witnesses were able to confirm the existence of the investigation but were unable to recall specifics about the investigation's conduct or conclusions. Plaintiffs' request seeks documents and information that shed light on the extent of the County Defendants' investigation into Bloise's conduct and the basis for the County Defendants decision to allow Officer Bloise continued contact with Plaintiffs and other immigration detainees in spite of the risk that they may subject to continued and retaliatory racist abuse.

Despite the County Defendants' representation to the contrary, there is no agreement amongst the parties and no order from this Court that enjoins both sides' ability to propound requests until the end of discovery. This Court has only directed the parties to a substantial completion deadline for e-discovery—nothing more, and nothing limiting either party from issuing requests based on witness testimony that speaks to the County Defendants' knowledge of and response to the very concerns at-issue in Plaintiffs' protected speech.

For the foregoing reasons, Plaintiffs respectfully request a pre-motion discovery conference pursuant to L.R. 37.2 to resolve the dispute.

Respectfully submitted,

*/s/ M. Porter*
*One of Plaintiffs' Attorneys*

M. Porter
Perry Grossman
Elizabeth Gyori
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300
mporter@nyclu.org

Samah Sisay
Astha Sharma Pokharel
Baher Azmy
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, N.Y. 10007
(212) 614-6484
ssisay@ccrjustice.org

Anne Venhuizen
The Bronx Defenders
360 E 161st Street
Bronx, N.Y. 10451
(718) 838-7878
annev@bronxdefenders.org

C.J. Sandley*
Jessica Vosburgh
Center for Constitutional Rights
P.O. Box 486
Birmingham, A.L. 35201
(212) 614-6443
csandley@ccrjustice.org

**Admitted Pro Hac Vice*

[2] The certified transcript for this deposition is not yet available, as it occurred on September 22, 2026. Plaintiffs can provide the excerpt from the transcript to this Court once available.

Plaintiff's request for a premotion conference is GRANTED. A Status Conference (via telephone) is hereby scheduled for November 5, 2026 at 12:00 pm. The parties are to dial in to the Cisco Webex conference line at 855-244-8681, enter meeting ID #2310 527 2044 and then # to enter the conference.

The Clerk of Court is respectfully requested to close the gavel on ECF No. 223.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 10/21/2026