SOKOLOFF STERN LLP

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514 PHONE (516) 334-4500 FAX (516) 334-4501 WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

November 6, 2026

**By ECF**
Hon. Victoria Reznik
United States District Court, SDNY
300 Quarropas St.
White Plains, NY 10601

MEMO ENDORSED

Re: *Ortiz et al. v. Orange County,* 23-CV-2802 (VLB) (VR)

Your Honor:

The County opposes Plaintiffs' request (ECF 235) for five more hours of Rule 30(b)(6) testimony. Plaintiffs examined the County's designee, Sgt. Domenick Avery, for the full seven hours on August 11 and closed the deposition. Avery Tr. (ECF 235-3) 267:2–4, 291:11 ("Those are all the questions that I have for you today"), 296:1. The only matter held open was a policy produced that morning (Tr. 12:1–10), not preparation or scope. Rule 30(d)(1) permits additional time only "if needed to fairly examine the deponent," and "consistent with Rule 26(b)(1) and (2)." Plaintiffs' letter cites answers they consider inadequate but identifies no subject they propose to examine in five more hours. Asked twice at the October 27 meet-and-confer to identify the subjects for the five hours, Plaintiffs declined. The County offered sworn supplemental Rule 30(b)(6) responses on any matter Plaintiffs identified by topic and transcript citation, production of any Topic 1 policy not yet produced, identification of what the witness reviewed, a written commitment on the conduct of objections, and further conferral. Plaintiffs declined the proposal wholesale and declared impasse. Courts in this District are "reluctant" to grant relief on claims of deficient Rule 30(b)(6) testimony "when counsel fail to make a good faith effort to resolve the deficiencies." *Agniel v. Cent. Park Boathouse LLC*, 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015). A party that will not say what it needs has not shown that more time is "needed."

**1. The witness was reasonably prepared, and Plaintiffs' examples do not survive the transcript.** A designee must be prepared reasonably and in good faith on matters "known or reasonably available" to the organization; the entity "need not produce the organizational representative with the greatest knowledge about a subject." *Leidig v. BuzzFeed, Inc.*, 2017 WL 6512353, at *5 (S.D.N.Y. Dec. 19, 2017); *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-md-3143 (SHS) (OTW), 2026 WL 937014, at *1–2 (S.D.N.Y. 2026). "Rule 30(b)(6) is not designed to be a memory contest," and answers are not deficient where the questions "demand a degree of detailed recollection … that would be unrealistic without more specific notice." *Agniel*, 2015 WL 463971, at *2–3. Sergeant Avery has been OCJ's training, accreditation, and compliance supervisor since about 2012 (Tr. 12:21–13:10, 44:21–22) and prepared with counsel *and on his own* (Tr. 20:19–21:16). Plaintiffs say he "had never seen the Rule 30(b)(6) Notice" (ECF 235 at 1), omitting that he knew the topics beforehand, declined to re-read them, and confirmed he was prepared on them. Tr. 25:18–19, 26:16–21.

The substance bears that out. Across the topics, the witness testified in detail to classification, appeals, and 90-day reviews (147–167), the discipline program and disciplinary

investigations before and after the HALT Act (185–200, 207–225), hunger-strike response (236–238, 243), grievance procedures and training (277–286), use-of-force training (268–276), and First Amendment and anti-retaliation training (259–266, 294–295). Plaintiffs' letter cites none of it. It cites twelve "I don't know" answers (ECF 235 at 2). Two ask the witness to interpret or assess compliance with the ICE contract (171, 176), discussed below. Two ask whether "OCJ agreed" or "believed" statements in a former medical contractor's Powerpoint never used to train security staff (248–252); one asks whether OCJ approved that contractor's training of its own civilian staff (247–248). One concerns the format of a State-administered certification course that OCJ does not give (283–285). One was answered to the extent of the County's knowledge (66–68).

What remains is a handful of discrete items the County can answer under oath, if necessary: whether Corrections Administrator visitation determinations were reviewed (88–89, 95), how transfer requests to ICE were documented in 2021–2022 (178, 183–184), and the length of annual use-of-force training (270–271). That is testimony "lacking in desired specificity in discrete areas," not inadequate preparation. *Leidig*, 2017 WL 6512353, at *6; *Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007). This Court drew the same distinction in *IBM Corp. v. Micro Focus (US), Inc.*, denying relief where the movant "ha[d] not clearly identified any specific questions or topics" the designee could not answer and the gaps were "not merely lacking in desired specificity in discrete areas." No. 22-cv-9910 (VB) (VR), ECF 149 at 2–3 (S.D.N.Y. Jan. 3, 2024). Overruling the objection, Judge Briccetti characterized the gaps as "discrete instances of lack of specific knowledge rather than total inadequacies." ECF 206 at 3 & n.1 (S.D.N.Y. Mar. 22, 2024). Plaintiffs' remaining citations are to the witness asking to see a policy or lesson plan before giving an exact answer, a reasonable request from a designee responsible for hundreds of written policies; once the table of contents was before him he identified the governing policies on request. Tr. 168, 290.

**2. Plaintiffs spent their time on a subject they removed from the notice.** Plaintiffs' original notice contained a topic directed to the County's intergovernmental service agreement with ICE "and the implementation of any such agreement at OCJ." ECF 235-5 at 6. The County objected and would produce no witness on it. ECF 235-2, Ex. D at 3–4. Plaintiffs' own memoranda of the March 17 and 27 meet-and-confers record the County's position that the contract's "meaning and implementation" was for a fact witness and that the County was "standing on [its] objections to this topic." ECF 235-2, Ex. C. Plaintiffs then served a redline that deleted the topic outright and struck "communications with County officials and/or ICE" from every remaining topic. ECF 235-2, Ex. F. The County agreed to the narrowed topics and prepared its designee on them. Plaintiffs now say they "never agreed not to question" about the contract (ECF 235 at 3); but deleting a topic from a notice is how a party agrees it will not be a subject of the examination. Plaintiffs' fallback, that the contract is within Topic 3 as "the only document" concerning transfers, proves too much: if a federal contract were a County "policy, practice, or procedure," the contract would never have been a separate topic. The witness testified that no written County policy governs requests to transfer ICE detainees out of the facility. Tr. 169:5–15. That is the County's answer. Plaintiffs may not like it, but dissatisfaction with a designee's answers "is not a ground for reopening." *K.S. v. City of New York*, No. 21-cv-4649 (JSR) (SLC), 2025 WL 307348, at *5 (S.D.N.Y. Jan. 27, 2025) (denying reopening of Rule 30(b)(6) depositions). The line is where the notice itself draws it: how the County in practice requested and documented transfers in 2021–2022 is within Topic 3, and

the County can supplement on it; what the contract's right-of-refusal clause means, who was "responsible for ensuring compliance" with it, and whether the County "abided by" it are not.

When Plaintiffs put the contract to the witness anyway, the Court directed that he answer with objections preserved, observed that, to the extent the questions exceeded the noticed topics, the County "was not obligated to prepare the witness on that subject" and the answers "may constitute the witness's individual testimony," and reserved that determination. Hr'g Tr. (ECF 235-4) 17:12–18:5. The County asks that it be made now. The Court also cautioned that time spent "on an ICE contract that I later determine the parties shouldn't have spent all this time talking about" would make it "[less] likely to give the plaintiff much time for any follow-up 30(b)(6) deposition." *Id.* at 18:13–19. Plaintiffs then examined the witness on the contract for fifteen more pages (170–184), beyond the nine before the call (138–147), and got substantive answers: a hunger strike, grievance, or complaint alone is not "disruptive behavior"; such determinations are case by case. Avery Tr. 178:13–15, 181:14–19, 183:4–6. Plaintiffs' claim that he was "wholly unprepared" on Topic 3 (ECF 235 at 2) describes answers on a subject outside the notice, on which the County had no duty to prepare him and the answers are his own. *Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008). Nor was the pattern confined to the contract: Plaintiffs devoted roughly eighteen pages to medical contractors' hunger-strike materials never used to train security staff and to whether "OCJ believed" statements in them (235–253), questioned the designee individually about his own duties (44–48), and asked, for nearly every exhibit, whether OCJ "abided by" it over three years, a compliance verdict rather than a policy (e.g., 27, 148, 188).

**3. Counsel's objections do not warrant a second deposition.** The County does not dispute Plaintiffs' count, but most of my objections were one word followed by "you can answer," directed at questions that were outside the noticed topics or otherwise objectionable or hypothetical in form. Rule 30(d)(1) relief is remedial; it restores examination actually impeded, and Plaintiffs identify none. Their cases involve conduct of a different order: in *Dass v. City Univ. of N.Y.*, a party gave "lengthy evasive answers on nonmaterial matters" from "minutes into the deposition" and the examining party had not received its seven hours, No. 18-CV-11325 (VSB) (OTW), 2023 WL 3750012, at *1–2 (S.D.N.Y. May 31, 2023); in *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 304–05, 307 (S.D.N.Y. 2019), counsel's speaking objections left him "testifying in Mr. Saadia's place" and the witness followed instructions not to answer on relevance grounds. Apart from two privilege instructions, counsel directed the witness not to answer three times: once on scope, withdrawn (Tr. 36–39); once after a question had been asked and answered repeatedly (Tr. 50–51); and on the ICE contract, resolved by calling the Court, as Rule 30(d)(3) contemplates. At any future deposition, counsel will state objections concisely and will not instruct the witness not to answer except to preserve a privilege, enforce a Court-ordered limitation, or present a Rule 30(d)(3) motion. No order is necessary.

**4. Relief.** The letter-motion should be denied. If the Court permits further examination, the County asks that it be conditioned as follows: (i) Plaintiffs identify, by topic and sub-topic, the matters on which they contend the County's testimony is incomplete; (ii) the County serve sworn supplemental Rule 30(b)(6) responses on those matters within 30 days; and (iii) only if a specific matter then remains unanswered, the Court to consider a limited remote examination, confined to those matters and excluding the deleted IGSA topic, each side bearing its own costs.

Thank you for your consideration.

Respectfully submitted,

SOKOLOFF STERN LLP

LEO DORFMAN

cc: All counsel of record via ECF

A Discovery Conference (via telephone) is hereby scheduled for November 18, 2026 at 11:30 AM. The parties are to dial in to the Cisco Webex conference line at 855-244-8681, enter Meeting ID #2310 527 2044 and then # to enter the conference. At the Discovery Conference, the parties should be prepared to discuss the discovery disputes addressed in ECF Nos. 234, 235, 240, and 241.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated 11/9/2026