USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Ortiz, et al.,

Plaintiffs,

-against-

Orange County, New York, et al.,

Defendants.

---------------------------------------------------------------X

7:23-cv-02802-VB-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On November 18, 2026, the Court held a conference to address two discovery disputes raised by Plaintiffs regarding deficiencies in Defendants' 30(b)(6) deposition. Specifically, Plaintiffs sought: (1) five additional hours of deposition time on Topics 1-10, production of an adequately-prepared witness, and an order directing Defendants' counsel to refrain from making improper objections or directing the witness not to answer for any purpose other than to assert privilege or seek a protective order, and (2) an order compelling the production of a witness for deposition on the "decisions" identified in Topics 3 and 9.

For the reasons stated on the record, the Court GRANTS Plaintiffs' requests in part, as follows:

**Plaintiffs' Request for Additional Deposition Time on Topics 1-10:**

Plaintiffs are permitted an additional 2.5 hours of examination, subject to the following conditions:

(1) Plaintiffs must identify the specific areas within Topics 1-10 that they contend were incompletely addressed;

(2) Plaintiffs must identify the particular policy documents they wish to examine the witness about, to the extent they have those documents;

(3) the parties must meet and confer about the remaining gaps and the policies to be addressed;

(4) Defendants must prepare the 30(b)(6) witness to address those identified matters;

(5) the supplemental examination must be confined to those matters and may not be used to repeat testimony already adequately provided;

(6) there will be no questioning about the ICE contract absent explicit agreement between the parties; and

(7) Defendants' counsel should refrain from speaking objections, coaching, and argumentative interruptions, and instructions not to answer must be confined to a proper basis, such as preserving a privilege and not merely disagreement with a question or dissatisfaction with its scope.

**Plaintiffs' Request to Compel the Production of a 30(b)(6) Designee on Topics 3 and 9:**

Defendants are directed to produce a 30(b)(6) designee (presumably Mr. Catletti, who was previously designated) on the "decisions" within Topics 3 and 9, subject to the following conditions:

(1) The parties must meet and confer to further narrow the topics and identify with more specificity the areas to be explored in the deposition. If the parties are unable to agree on scope, they should raise the dispute with the Court in accordance with my Individual Practices.

(2) Defendants may address portions of Topics 3 and 9 through express adoption of specifically identified existing testimony as 30(b)(6) testimony of the County.

(3) Designations should be provided before Mr. Catletti's deposition—which will proceed in both his individual and Rule 30(b)(6) capacities—so the parties can identify what still requires examination.

(4) The resulting deposition should be focused on completing the record, not relitigating every objection or repeating discovery already obtained.

**SO ORDERED.**

DATED: White Plains, New York
11/18/26

VICTORIA REZNIK
United States Magistrate Judge